UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RILEY MITCHELL,

                    Plaintiff,

          - against -

URBAN STRATEGIES, INC., URBAN
STRATEGIES MANAGEMENT CORP.,
GWENETH MUNROE, US BROWNSVILLE III
HOUSING DEVELOPMENT FUND
CORPORATION and LOCAL 108, RETAIL,
WHOLESALE AND DEPARTMENT STORE
UNION, UFCW, AFL-CIO, CLC,

                    Defendants.
-----------------------------------------------------------X

Case No. 20-cv-0893 (AMD)(RLM)

**ANSWER TO SECOND AMENDED COMPLAINT**

Defendants Urban Strategies Management Corp. and Gweneth Munroe ("Defendants"), by their attorneys Lewis Brisbois Bisgaard & Smith LLP, as and for their Answer to the Second Amended Complaint, alleges as follows:

## I. <u>NATURE OF ACTION</u>

1. Deny the allegations contained in paragraph 1.

2. Deny the allegations contained in paragraph 2.

3. Deny the allegations contained in paragraph 3.

4. Deny the allegations contained in paragraph 4.

5. Deny the allegations contained in paragraph 5.

6. Deny the allegations contained in paragraph 6.

## II. <u>JURISDICTION AND VENUE</u>

7. Deny the allegations contained in paragraph 7 and refer all questions of law to the Court.

8. Deny the allegations contained in paragraph 8 and refer all questions of law to the Court.

9. Deny the allegations contained in paragraph 9 and refer all questions of law to the Court.

## III. SATISFACTION OF PROCEDURAL PREREQUISITES FOR SUIT

10. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 .

13. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and refer all questions of law to the Court.

14. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and refer all questions of law to the Court.

## IV. THE PARTIES

15. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. Deny the allegations contained in paragraph 19.

20. Deny the allegations contained in paragraph 20.

21. Deny the allegations contained in paragraph 21.

22. Deny the allegations contained in paragraph 22.

23. Deny the allegations contained in paragraph 23.

24. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 except admit that Mitchell unlawfully occupies an apartment at 61 Riverdale Avenue, Brooklyn, New York (the "Apartment").

25. Deny the allegations contained in paragraph 25 and refers all questions of law to the Court.

26. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and refer the Court to the document cited therein.

## V. FACTUAL ALLEGATIONS

28. Deny the allegations contained in paragraph 28 and refer all questions of law to the Court, except admit that Mitchell was employed by Urban as a Building Superintendent.

29. Deny the allegations contained in paragraph 29.

30. Deny the allegations contained in paragraph 30.

31. Deny the allegations contained in paragraph 31.

32. Deny the allegations contained in paragraph 32 except admit that Mitchell unlawfully occupies the Apartment.

33. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34. Deny the allegations contained in paragraph 34 subsections (a) though (g).

35. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40. Deny the allegations contained in paragraph 40.

41. Deny the allegations contained in paragraph 41.

42. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and refer to the referenced order for the contents thereof.

43. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44. Deny the allegations contained in paragraph 44.

45. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

49. Deny the allegations contained in paragraph 49.

50. Deny the allegations contained in paragraph 50.

51. Deny the allegations contained in paragraph 51.

52. Deny the allegations contained in paragraph 52.

53. Deny the allegations contained in paragraph 53.

54. Deny the allegations contained in paragraph 54.

55. Deny the allegations contained in paragraph 55.

56. Deny the allegations contained in paragraph 56.

57. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57.

58. Deny the allegations contained in paragraph 58 and refer to the referenced document for the contents thereof.

59. Deny the allegations contained in paragraph 59 and refer to the referenced document for the contents thereof.

60. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60.

61. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61.

62. Deny the allegations contained in paragraph 62.

63. Deny the allegations contained in paragraph 63.

64. Deny the allegations contained in paragraph 64.

65. Deny the allegations contained in paragraph 65 and refer to the referenced memo for the contents thereof.

66. Deny the allegations contained in paragraph 66 and refer to the referenced letter for the contents thereof.

67. Deny the allegations contained in paragraph 67 and refer to the referenced memo for the contents thereof.

68. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 and refer to the petition in the referenced proceeding for the contents thereof.

69. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.

70. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70.

71. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71.

72. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72.

### FIRST CAUSE OF ACTION AGAINST URBAN
### BREACH OF THE CBA UNDER LMRA

73. Repeat and incorporate by reference all of the allegations contained in paragraphs 1 through 72.

74. Deny the allegations contained in paragraph 74.

75. Deny the allegations contained in paragraph 75.

76. Deny the allegations contained in paragraph 76.

### SECOND CAUSE OF ACTION AGAINST THE UNION
### BREACH OF DUTY OF FAIR REPRESENTATION

77. Repeat and incorporate by reference all of the allegations contained in paragraphs 1 through 76.

78. No response is required to the allegations contained in paragraph 78 as this count is not asserted against Defendants.

79. No response is required to the allegations contained in paragraph 79 as this count is not asserted against Defendants.

80. No response is required to the allegations contained in paragraph 80 as this count is not asserted against Defendants.

### THIRD CAUSE OF ACTION AGAINST URBAN, MUNROE, AND US BROWNSVILLE
### DISCRIMINATION IN VIOLATION OF FHA, NYSHRL, AND NYCHRL

81. Repeat and incorporate by reference all of the allegations contained in paragraphs 1 through 80.

82. Deny the allegations contained in paragraph 82.

83. Deny the allegations contained in paragraph 83.

84. Deny the allegations contained in paragraph 84.

## FOURTH CAUSE OF ACTION AGAINST URBAN AND MUNROE
## DISCRIMINATION IN VIOLATION OF NYSHRL AND NYCHRL

85. Repeat and incorporate by reference all of the allegations contained in paragraphs 1 through 84.

86. Deny the allegations contained in paragraph 86.

87. Deny the allegations contained in paragraph 87.

88. Deny the allegations contained in paragraph 88.

## FIFTH CAUSE OF ACTION AGAINST URBAN, MUNROE, AND US BROWNSVILLE
## RETALIATION IN VIOLATION OF FHA, NYSHRL, AND NYCHRL

89. Repeat and incorporate by reference all of the allegations contained in paragraphs 1 through 88.

90. Deny the allegations contained in paragraph 90.

91. Deny the allegations contained in paragraph 91.

92. Deny the allegations contained in paragraph 92.

## SIXTH CAUSE OF ACTION AGAINST URBAN AND MUNROE
## RETALIATION IN VIOLATION OF THE NYSHRL AND NYCHRL

93. Repeat and incorporate by reference all of the allegations contained in paragraphs 1 through 92.

94. Deny the allegations contained in paragraph 94.

95. Deny the allegations contained in paragraph 95.

96. Deny the allegations contained in paragraph 96.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

On information and belief Plaintiff failed to mitigate the alleged damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages attributable to actionable conduct by Defendants, their employees, agents or representatives.

## FOURTH AFFIRMATIVE DEFENSE

The instant claims are barred by the doctrine of waiver or release of claims.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges any impermissible motivation in Defendants' treatment of him, Defendants would have taken the same action in the absence of such impermissible motivating factor.

## SIXTH AFFIRMATIVE DEFENSE

Defendants did not encourage, condone, approve or participate in any allegedly discriminatory and/or retaliatory conduct.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of *in pari delicto*.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of ratification, confirmation, and acquiescence.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are time-barred in whole or in part.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants exercised reasonable care to prevent and promptly correct any discriminatory and/or retaliatory behavior, and Plaintiff unreasonably failed to take timely advantage of the preventive or corrective opportunities to avoid the harm complained of.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants' acts were undertaken in good faith without reckless disregard for Plaintiff's statutory rights.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages is barred in whole or in part by after-acquired evidence of misconduct.

### FIFTEENTH AFFIRMATIVE DEFENSE

Any injury allegedly sustained by Plaintiff resulted from his own culpable or negligent conduct, or that of third parties, and was not proximately caused by any act or omission of Defendants, their employees, agents or representatives.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants acted reasonably and in proper and lawful exercise of discretion and business judgment and without intent to violate Plaintiff's rights, and Defendants' actions were not discriminatory, retaliatory or otherwise actionable.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Awarding punitive damages against Defendants would violate the United States and New York Constitutions.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not satisfied all of the conditions precedent and procedural prerequisites to maintaining this action.

### NINETEENTH AFFIRMATIVE DEFENSE

At all times relevant to this action, Defendants had in effect policies and procedures for the prevention and correction of illegal workplace harassment, discrimination and retaliation, and Defendants exercised reasonable care to prevent and correct promptly any such harassing or discriminatory behavior, while Plaintiff unreasonably failed to report alleged harassment and discrimination and/or unreasonably failed to take advantage of any of the available procedures for preventing and/or correcting illegal harassment and discrimination.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages because Defendants did not engage in any discriminatory, harassing or otherwise wrongful conduct with malice or reckless indifference to Plaintiff's rights.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants were not Plaintiff's employer or landlord.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff challenges the efforts of his landlord to evict him from the premises he now occupies, his claim herein is precluded based on the pendency of a proceeding in the Civil Court of the City of New York, Housing Part, in which the landlord seeks eviction and Plaintiff has raised various defenses, all of which are properly adjudicated in that court.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend this Answer and to assert such additional affirmative and/or separate defenses as are made known during discovery.

WHEREFORE, Defendants respectfully request that:

a. The Court dismiss the Second Amended Complaint in its entirety with prejudice;

b. The Court award Defendants the costs and expenses incurred in connection with this action, including reasonable attorneys' fees; and

c. The Court grant such other and further relief as is just and proper.

Dated: New York, New York
   August 18, 2020

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:  /s/ Peter T. Shapiro
   Peter T. Shapiro, Esq.
   77 Water Street, Suite 2100
   New York, New York 10005
   (212) 232-1300
   Peter.Shapiro@lewisbrisbois.com
   *Attorneys for Defendants Urban Strategies Inc., Urban Strategies Management Corp., Gweneth Munroe, and US Brownsville III Housing Development Fund*

## **CERTIFICATE OF SERVICE**

      Peter T. Shapiro, an attorney duly admitted to practice before this Court, certifies that on August 18, 2020 he caused the Answer to be filed and served by ECF upon the attorneys of record for plaintiff.

                                                               /s/ Peter T. Shapiro
                                                                    Peter T. Shapiro